# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-CR-04087-BCW |
| | ) | |
| | ) | |
| FRANKLIN BOOKER RICHMOND III, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are Defendant Franklin Booker Richmond III's "Motion to Quash Search Warrant and Suppress Evidence" and "Motion to Disclose and Make Informant(s) Available for Interview." (Docs. 22, 23). The Government filed suggestions in opposition (Docs. 31, 32), to which Defendant responded. (Docs. 33, 34). The motions are, therefore, ripe for consideration. Because the search warrant was supported by probable cause and because the confidential informant is not a material witness to the charged offense, it is recommended Mr. Richmond's motions be denied.

## I. Findings of Fact

On November 1, 2019, Sergeant Blake Atkins, a Narcotics Investigator with the Callaway County Sherriff's Office and assigned Task Force Officer with the MUSTANG Drug Task Force, applied for a Missouri state warrant to search for evidence of possession and distribution of controlled substances at Mr. Richmond's residence located at 1409 Westminster Avenue in Fulton, Callaway County, Missouri. (Doc. 23-1 at 1). Sergeant Atkins' affidavit supporting the search warrant application provided the following information.

In the several years prior to 2019, multiple concerned citizens informed the Fulton Police Department that Mr. Richmond was distributing narcotics. (*Id*. at ¶ 2). A confidential informant ("CI") also reported, within the last thirty days prior to the warrant application, that Mr. Richmond distributed methamphetamine in the Fulton, Missouri, area. (*Id*. at ¶ 3). In fact, the CI conveyed that he or she had witnessed Mr. Richmond conduct a methamphetamine transaction and saw methamphetamine inside Mr. Richmond's residence on multiple occasions. (*Id*.) Within the 72

hours prior to the warrant application, the CI also reported that he or she was at Mr. Richmond's residence and saw methamphetamine. (*Id*. at ¶ 4). According to Sergeant Atkins, this CI had previously provided reliable and verifiable information, and knew the appearance of methamphetamine and its intended illegal purpose. (*Id*. at ¶ 5).

Based upon Sergeant Atkins' affidavit, the state court judge issued a search warrant for Mr. Richmond's residence. (*Id*. at 2). While executing the warrant on November 5, 2019, law enforcement officers found inside Mr. Richmond's residence a Hi-Point, Model JCP, .40 caliber semi-automatic handgun and a baggie of methamphetamine. (Doc. 1-1). Mr. Richmond was placed under arrest and charged via Complaint with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). (Doc. 1). A grand jury returned an indictment against Mr. Richmond for that same charge on November 13, 2019. (Doc. 10).

Thereafter, Mr. Richmond filed the instant motions seeking to quash the search warrant and suppress evidence, as well as reveal the identity of the CI. (Docs. 22, 23). Neither party requested an evidentiary hearing, and the Court, in its discretion, declined to hold one because the facts underlying these motions are not in dispute.[1]

## II. Discussion

Mr. Richmond argues the affidavit submitted by Detective Atkins was insufficient to constitute probable cause to issue a search warrant, and, therefore, the search warrant must be quashed and any evidence suppressed. (Doc. 23). Moreover, because the Government argues that the CI's testimony provided probable cause to issue the search warrant, Mr. Richmond also claims the disclosure of the CI's identity is required. (Doc. 22). Mr. Richmond's arguments are foreclosed by well-established Eighth Circuit law.

   a. *Probable cause supports the search warrant.*

In determining whether an affidavit is sufficient to support probable cause, the Court considers the totality of the circumstances. *United States v. Hager*, 710 F.3d 830, 836 (8th Cir. 2013) (citation omitted). Probable cause for a search warrant is established by an affidavit where the affidavit shows "a fair probability that contraband or evidence of a crime will be found in a

---

[1] *See United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) (noting a district court has discretion in holding an evidentiary hearing on a motion to suppress). To be clear, Mr. Richmond does not argue that the affidavit contained any false or misleading material, only that it was facially insufficient to support probable cause. Thus, no evidentiary hearing was necessary to decide the issue. *Id*. (that the affidavit supporting a search warrant is presumed valid absent an offer of proof alleging deliberate falsehood or reckless disregard for the truth).

particular place." *United States v. Mohammed Ahmed Kattaria*, 553 F.3d 1171, 1175 (8th Cir. 2009) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (citations omitted)). Under Eighth Circuit precedent, "[i]t is well-established that the statements of a reliable confidential informant are themselves sufficient to support probable cause for a search warrant." *United States v. Petruk*, 929 F.3d 952, 959 (8th Cir. 2019) (quotation omitted) (citing *United States v. Wright*, 145 F.3d 972, 975 (8th Cir. 1998)). A CI can be considered reliable where he "has provided reliable information in the past or where his tip was independently corroborated." *United States v. Caswell*, 436 F.3d 894, 898 (8th Cir. 2006).

In reviewing whether probable cause supports the issuance of a search warrant, the Court should pay great deference to the issuing judge's determination of probable cause, *Wright*, 145 F.3d at 975, and examine applications and affidavits "under a common sense approach and not in a hypertechnical fashion," *United States v. Williams*, 10 F.3d 590, 593 (8th Cir. 1993).

Here, a common sense reading of the warrant and affidavit shows facts establishing a firm probability that evidence of drug use and distribution would be found at Mr. Richmond's residence. The affidavit, which was written under oath, stated that the CI had personally witnessed Defendant distribute methamphetamine in the Fulton, Missouri area and had seen methamphetamine inside of Mr. Richmond's apartment on multiple occasions, including at least once 72 hours before the search warrant was obtained. This information from the CI alone is sufficient to support probable cause because, as the affidavit alleged, the CI had provided reliable and verifiable information in the past, and knows the appearance of methamphetamine and its intended illegal purpose. *See Caswell*, 436 F.3d at 898 (holding that information provided by a CI who has relayed reliable information in the past is sufficient to support probable cause); *see also United States v. Johnson*, 205 F.3d 1348, 2000 WL 58629, at *1 (8th Cir. 2000) (finding probable cause based on informant's tip where "[t]he affidavit stated that the informant had provided reliable information in the past, was not on probation, parole or work release, was knowledgeable about the drug trade, and had observed a drug transaction at the site in the prior forty eight hours and knew there was more crack there").

The affidavit, however, did not rely solely on the CI's tip. It was also supported by multiple reports from concerned citizens over the last few years that Mr. Richmond was distributing narcotics. *Williams*, 10 F.3d at 593 ("Independent corroboration bolsters the reliability and credibility of the informant's information, and thus, the finding of probable cause."). Accordingly,

considering the totality of the circumstances, Detective Atkins' affidavit was sufficient to support probable cause for a search warrant.

Moreover, even assuming the warrant was not based on probable cause, the *Leon* good-faith exception applies. *See United States v. Leon*, 486 U.S. 897, 922–23 (1984). Under this exception, disputed evidence will be suppressed only if it was objectively unreasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant. *Id*. at 922. The Supreme Court has identified four circumstances in which an officer's reliance on a search warrant would be objectively unreasonable: (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge "wholly abandoned his judicial role" in issuing the warrant; (3) when the affidavit in support of the warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) when the warrant is "so facially deficient" that the executing officer could not reasonably presume the warrant to be valid. *Id*. at 923.

Here, there is no evidence that Sergeant Atkins included any false statement or attempted to mislead the issuing judge in his affidavit. Nor does Mr. Richmond allege that the issuing judge wholly abandoned her judicial role in issuing the search warrant. Further, the affidavit in this case included information learned from anonymous sources and a confidential informant with personal knowledge and experience with drug trafficking activities. The affidavit, therefore, also cannot be said to be so lacking in indicia of probable cause as to render belief in probable cause entirely unreasonable. Similarly, nothing about the warrant was so facially deficient that Sergeant Atkins could not reasonably presume the warrant to be valid. Thus, Sergeant Atkin's reliance on the search warrant was objectively reasonable, and the *Leon* good-faith exception applies even if the warrant was not based on probable cause.

For these reasons, the Court recommends denying the motion to quash the search warrant and suppress evidence.

> b. *Mr. Richmond has not met his burden of proving the identity of the CI should be disclosed.*

Mr. Richmond also argues that the identity of the CI should be disclosed because the Government relies on the CI's tip to establish probable cause for the search warrant. To accept

Mr. Richmond's argument would be to require the disclosure of the CI in every case where the CI's tip establishes probable cause. It is well settled that that is not the law. *See McCray v. Illinois*, 386 U.S. 300, 311 (1967) ("Much less has the Court ever approached the formulation of a federal evidentiary rule of compulsory disclosure where the issue is the preliminary one of probable cause, and guilt or innocence is not at stake.").

Instead, the law confers upon the Government a privilege to withhold the identity of its informants, requiring the defendant to bear the burden of demonstrating the need to disclose a CI's identity. *Wright*, 145 F.3d at 975. "The court must weigh the defendant's right to information against the government's privilege to withhold the identity of a confidential informant . . . and disclosure should not be ordered unless it is deemed vital to a fair trial." *Id.* (quotation omitted) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)). "While there is no litmus test for determining when disclosure is required, . . . perhaps the most important factor for a court in this circumstance to consider is whether the [CI's] information is material to the defense." *United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003). Consequently, "disclosure is typically not required when the informant merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense." *Id.*

In this case, Mr. Richmond can make no credible argument that the CI's testimony is material to his defense. Although the CI provided information concerning Mr. Richmond's alleged drug sales and distribution, Mr. Richmond has been charged with being a felon in possession of a firearm. The CI was not a witness to, nor participated in, that crime and, therefore, cannot offer any evidence, exculpatory or otherwise, bearing on the offense charged. Thus, Mr. Richmond has not satisfied his burden to show that disclosure is vital to the fairness of his trial. Nor could he. *See Wright*, 145 F.3d at 975–76 (finding that defendant could not show that disclosure of the identity of a confidential informant who made a controlled narcotics purchase "was vital to the fairness of his trial" where defendant was convicted of being a felon in possession of a firearm based on firearm found in defendant's possession by officers executing a search warrant). Accordingly, the Court also recommends denying the motion to compel disclosure of the CI.

### III. Conclusion

For the reasons above, the Court concludes that Defendant's arguments are without merit, and the motions should be denied.

IT IS THEREFORE RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order DENYING Defendant Franklin Booker Richmond III's "Motion to Quash Search Warrant and Suppress Evidence" and his "Motion to Disclose and Make Informant(s) Available for Interview." (Docs. 22, 23).

Counsel are reminded that each party has fourteen (14) days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in the Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

Dated this 15th day of December, 2020, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge